WIGGINTON, Chief Judge
(concurring specially).
I concur in the able opinion authored by Judge Johnson and feel that the following observations may be pertinent to our decision.
The oil, gas, and mineral lease involved in this proceeding in which the appellant seeks a declaration of its rights grants to appellant the right to explore, drill, and mine for oil, gas, and all other minerals. The sole issue raised by the pleadings and adjudicated by the trial court involved an interpretation of the phrase “all other minerals” contained in the lease. The court’s interpretation was controlled by the evidence adduced by the parties as to their intention regarding the meaning of this phrase at the time the lease was drafted and executed. From the evidence the trial court concluded that it was the intention of the parties that the word “minerals” as used in the lease would apply only to subsurface minerals lying deeper than ISO feet from the surface of the land and which would not require strip mining for their recovery. We find ample evidence in the record to support the chancellor’s conclusion in this regard and are therefore without authority to disturb his holding.
In construing the controlling term of the lease which gave rise to this controversy, the trial court did not violate the rule against admitting parol evidence to vary or alter the terms of a written contract, nor does his judgment rendered herein constitute in law a reformation of the lease contract on the ground either of fraud or mistake, neither of which issues was raised by the pleadings nor tried by the express or implied consent of the parties. For these reasons I am not persuaded that appellant has demonstrated error by the trial court in the rendition of the judgment herein and therefore agree that it should be affirmed.